# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
### AT KANSAS CITY

| | |
|---|---|
| Shanna Clayton and Eileen Smith,<br>On Behalf of Themselves<br>And All Others Similarly Situated,<br><br>     Plaintiffs,<br><br>vs.<br><br>Velociti, Inc. and Central States Thermo<br>King, Inc.<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.  08-CV-2298 CM/GLR

## COMPLAINT

### Collective and Class Action Claims

COMES NOW the Plaintiffs, Shanna Clayton and Eileen Smith, on behalf of themselves, and all others similarly situated, by and through counsel, and hereby set forth their representative action for violations of the Fair Labor Standards Act under §216(b), and an alternative representative action for violation of the Kansas Minimum Wage and Maximum Hours Law ("KMWMHL") under Fed. R. Civ. P. 23, and a representative action under the Kansas Wage Payment Act ("KWPA") under Fed. R. Civ. P. 23 as follows:

### PRELIMINARY STATEMENT

1.  Plaintiffs, Shanna Clayton and Eileen Smith, and all other similarly situated employees (Hereinafter "Plaintiffs") bring this action against Defendants Velociti Inc. ("Velociti") and Central States Thermo King, Inc. ("CSTK") (collectively "Defendants ") for unpaid overtime compensation, and related penalties and damages.   Defendants practice and policy is to willfully fail

and refuse to properly pay straight time and overtime compensation due and owing to Plaintiffs and all other similarly situated employees.  Doing so is in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").  Alternatively, for all pay periods and/or employees not governed by the FLSA, the Plaintiffs, on behalf of themselves and all others similarly situated, brings a claim against Defendants for a violation of the KMWMHL, K.S.A. § 44-1202 *et seq.*  In addition, Plaintiffs bring an action against Defendants for inappropriately deducting and failing to pay Plaintiffs, and others similarly situated, wages due in violation of the KWPA, K.S.A. §44-313 *et seq.*

2. Defendants' practices are in direct violation of the FLSA, and/or the KMWMHL, and the KWPA, and Plaintiffs seek injunctive and declaratory relief; overtime premiums for all overtime work required, suffered, or permitted by Defendants; compensation for wages wrongfully withheld or deducted; liquidated and/or other damages as permitted by applicable law; and attorneys' fees, costs, and expenses incurred in this action.

## **PARTIES**

3. Plaintiff Shanna Clayton currently resides at 1895 Tamarack Court, Avon, IN 46123. Plaintiff is employed as a Mobile Technician for Defendant and works out of Defendants' place of  business located at 1146 Booth, Kansas City, Kansas, with the corporate office being located at 7200 W. 132nd Street, Suite, 270, Overland Park, Kansas 66213.  Plaintiff Clayton, and all others similarly situated for the purposes of this collective and/or class action,  work out of the

Kansas City, Kansas office and are paid out of the corporate office in Overland Park, Kansas.

4.      Plaintiff Eileen Smith currently resides at 1895 Tamarack Court, Avon, IN 46123. Plaintiff is employed as a Mobile Technician for Defendant and works out of Defendants' place of business located at 1146 Booth, Kansas City, Kansas, with the corporate office being located at 7200 W. 132nd Street, Suite, 270, Overland Park, Kansas 66213.  Plaintiff Smith, and all others similarly situated for the purposes of this collective and/or class action,  work out of the Kansas City, Kansas office and are paid out of the corporate office in Overland Park, Kansas.

5.      Defendant CSTK is a Kansas corporation doing business in the State of Kansas with its primary place of business located in Kansas and an office address of 1146 Booth, Kansas City, Kansas 66103 and a corporate office of 7200 W. 132nd Street, Suite, 270, Overland Park, Kansas 66213.

6.      Defendant Velociti is a Nevada corporation doing business in the State of Kansas with its primary place of business located in Kansas and an office address of 1146 Booth, Kansas City, Kansas 66103 and a corporate office of 7200 W. 132nd Street, Suite, 270, Overland Park, Kansas 66213.

## JURISDICTION AND VENUE

7.      This Court has original federal question jurisdiction under 28 U.S.C.§ 1311 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

8.    The United States District Court for the District of Kansas has personal jurisdiction because Defendant conducts business in Johnson County, Kansas and Wyandotte County, Kansas, located within this District.

9.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendants have offices, conduct business and can be found in the District of Kansas, and the cause of action set forth herein has arisen and occurred in substantial part in the District of Kansas.

9a.   Venue is also proper under 29 U.S.C. §1132(e)(2) because Defendants have substantial business contacts within the State of Kansas.

10.   The claim for a violation of the KMWMHL and KWPA is based upon the statutory law of the State of Kansas.   Supplemental jurisdiction exists pursuant to 28 U.S.C.  §1367 for this pendant state claim because it arises out of the same nucleus of operative facts as the FLSA claim.  The causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness and convenience for the parties.  The liability evidence establishing both causes of action will be similar and neither issue will predominate nor create confusion to a jury.

**COUNT I**

**FLSA CLAIM**

11.   Plaintiff Clayton is employed by the Defendants.  As an employee of the Defendant Ms. Clayton performs  work as a Mobile Technician and hourly laborer.

12.     Plaintiff Smith is employed by the Defendants.   As an employee of the
        Defendants Ms. Clayton performs  work as a Mobile Technician and hourly
        laborer.

13.     Prior to and during, Plaintiffs' employment with the Defendants, the
        Defendants employed numerous other individuals who had the same job
        duties and compensation structure as Plaintiffs.  Said other employees also
        worked out of Defendants' Kansas City, Kansas location and were paid out of
        the corporate office in Overland Park, Kansas as Mobile Technicians and
        hourly laborers (the putative representative action plaintiffs).

14.     Plaintiffs bring this Complaint as a collective action pursuant to Section 16(b)
        of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or
        will be employed by the Defendants as Mobile Technicians and hourly
        laborers within three years from the commencement of this action who have
        not been compensated at one and one-half times the regular rate of pay for all
        work performed in excess of forty hours per week.

15.     This Complaint may be brought and maintained as an "opt-in" collective
        action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b), for all claims
        asserted by the Representative Plaintiffs because the claims of Ms. Clayton
        and Ms. Smith are similar to the claims of the putative plaintiffs of the
        representative action.

16.     Ms. Clayton and Ms. Smith and the putative representative action plaintiffs
        are similarly situated, have substantially similar job requirements and pay

provisions, and are subject to Defendants' common practice, policy, or plan of refusing to pay straight time and overtime in violation of the FLSA.

17. The names and addresses of the putative members of the representative action are available from the Defendants.  To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

18. At all relevant times, Defendants have been, and continue to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, and/or continue to employ, "employee[s]," including each of the putative members of the FLSA representative action.  At all times relevant herein, Defendants have had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

19. The FLSA requires each covered employer, such as the Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

20. Plaintiffs and the putative members of the FLSA representative action are not exempt from the right to receive overtime pay under the FLSA and are not exempt from the requirement that their employer pay them overtime compensation under the FLSA.  Ms. Clayton and Ms. Smith and the putative

members of the FLSA representative action, are entitled to be paid overtime compensation for all overtime hours worked.

21.     At all relevant times, Defendants have had a policy and practice of failing and refusing to pay full straight time and overtime pay to its Mobile Technicians and hourly laborer employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

22.     The Defendants failed to compensate Plaintiffs and all other similarly situated employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. § 201, *et seq.,* including 29 U.S.C. § 207(a)(1).

23.     The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

24.     Ms. Clayton and Ms. Smith, on behalf of themselves and all similarly situated employees of Defendants, seek damages in the amount of all respective unpaid straight time and overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

25.     Ms. Clayton and Ms. Smith on behalf of themselves and all similarly situated employees of Defendants, seek recovery of all attorney fees, costs, and

expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs, on behalf of themselves and all proposed members of the FLSA representative action, prays for relief as follows:

a.    Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Sue pursuant to U.S.C. § 216(b);

b.    Designation of Plaintiffs Clayton and Smith as Representative Plaintiffs of the putative members of the FLSA representative action;

c.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201, *et seq.*;

d.    An injunction against Defendants and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e.    An award of damages for overtime compensation due for the Plaintiffs and the putative members of the class, including liquidated damages, to be paid by Defendants;

f.    Costs and expenses of this action incurred herein, including reasonable attorneys fees and expert fees;

g.      Pre-Judgment and Post-Judgment interest, as provided by law; and

h.      Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## COUNT II

### Kansas Minimum Wage Maximum Hours Law

26.     Plaintiffs Clayton and Smith, on behalf of themselves and all others similarly situated, alternatively bring Count II under the KMWMHL for all pay periods and/or Mobile Technicians and hourly laborers not governed by the FLSA.

27.     As far as said factual allegations are applicable to the claims made herein under the KMWMHL, the Plaintiffs hereby incorporate paragraphs 1 through 25 of this Complaint.

28.     At all relevant times, Defendants have been, and will continue to be, an "employer" within the meaning of the KMWMHL, K.S.A. § 44-1202(d).

29.     At all relevant times, Defendants have employed, and/or continue to employ, "employee[s]," within the meaning of the KMWMHL, K.S.A. § 44-1202(e); including the Plaintiffs and all others similarly situated.

30.     Plaintiffs, on behalf of themselves and all others similarly situated, bring a claim for Defendants' violation of the KMWMHL, K.S.A. § 44-1202 *et seq*.

31.     Plaintiffs, and all others similarly situated as Mobile Technicians and hourly laborers, have substantially similar job requirements and pay provisions, regularly work in excess of 46 hours per week, and are subject to Defendants' common practice, policy, or plan of refusing to pay overtime in violation of the KMWMHL.

32.     The KMWMHL requires each covered employer, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty-six hours in a work week as set forth in K.S.A. § 44-1204.

33.     Plaintiffs and the respective putative members of the KMWMHL representative action are not exempt from the right to receive overtime pay under the KMWMHL and are not exempt from the requirement that their employer pay them overtime compensation under the KMWMHL.  Plaintiffs, and the putative members of the KMWMHL representative action, are entitled to be paid overtime compensation for all overtime hours worked.

34.     At all relevant times, Defendants have had a policy and practice of failing and refusing to pay full overtime pay to its Mobile Technicians and hourly laborer employees, at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty-six hours in a work week, and therefore, Defendants have violated, and continue to violate, the KMWMHL, K.S.A. § 44-1202, *et seq.,* including K.S.A. § 44-1204(a).

35.     Class certification for claims under the KMWMHL is appropriate pursuant to Fed. R. Civ. P. 23(a) in that:

        a.      The members of the class are so numerous that joinder of all members is impracticable.  The exact number of class members is unknown to Plaintiffs at the present time but is estimated to be in excess of one-hundred (100);

        b.      There are questions of law and fact arising in this action which are common to Plaintiffs and members of the class, including: (i) Whether

Defendants' pay plan and pay policies for the employees who work as Mobile Technicians  and hourly laborers violate the rights to overtime compensation afforded under the KMWMHL, K.S.A. § 44-1202 *et seq.*; (ii) Whether Defendants' conduct violated the KMWMHL; (iii) Whether Plaintiffs and other members of the respective classes have suffered damages as a result of Defendants' violation of the KMWMHL; and (iv) the respective class-wide measure of damages;

c.       Plaintiffs' claims are typical of the claims of the members of the class. Plaintiffs are paid under the same policy and procedure as all members of the class.  Plaintiffs and all members of the class sustained damages in the same way, arising out of the same wrongful conduct engaged in by Defendant that was in violation of the KMWMHL; and

d.       Plaintiffs will fairly and adequately protect the interests of the members of the class.  Plaintiffs have retained counsel who are competent and experienced in class action and complex litigation involving overtime claims. Plaintiffs have no interests which are adverse to or in conflict with other members of the class.

36.    This class action is brought by Plaintiffs on behalf of themselves and all others similarly situated for Defendants' failure to properly pay overtime compensation under the KMWMHL, and is being brought pursuant to Fed. R. Civ. P. 23 (b)(2) and (b)(3) as follows:

**Injunctive Relief Class & Monetary Relief Class:**

All present or former employees of Velociti and CSTK who performed the job duties of a Mobile Technician and hourly

laborer at the Defendants' location of business in Kansas City, Kansas, and were paid compensation by Defendants out of its corporate office in Overland Park, Kansas under its uniform payment plan for said positions from the inception of this payment plan to the present.

37.  Class certification of the respective class is appropriate under Fed. R. Civ. P. 23(b)(3) because a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein given that:

a.    There is minimal interest of members of this class in individually controlling  their prosecution of clams under the KMWMHL in that all claims will be similar in nature under the court's analysis of the Defendants' pay plan and its compliance with these laws;

b.    There is no known prior litigation being prosecuted against the Defendants by this class of employees for violations of the KMWMHL;

c.    It is desirable to concentrate all the litigation of these claims in this form within this Court since all class members work out of Defendants' Kansas City, Kansas facility and are paid out of Defendants' corporate office in Overland Park, Kansas and all class members will have the same legal claims for violations of the KMWMHL; and

d.    There are no unusual difficulties likely to be encountered in the management of this case as a class action and Plaintiffs and their counsel are not aware of any reason why this case should not proceed as a class action on the claim that Defendants violated the KMWMHL.  Class members can be easily identified from Defendants' business records,

enabling class members to have their claims fairly adjudicated by the court or enabling them to opt-out of this class.

38.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendants have acted on grounds generally applicable to the respective class members covered by the KMWMHL.   Defendants have acted, and refused to act, on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the class as a whole.

39.     In the absences of a class action, the Defendants would be unjustly enriched because they would be able to retain the benefits and fruits of the wrongful violation of the KMWMHL.

40.     The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of this cause of action.   Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources.  A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate.   Moreover, class treatment is the only realistic means by which Plaintiffs can effectively litigate against large, well-represented corporate entities such as Defendants. Numerous repetitive individual actions would also place an enormous burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to Defendants' conduct over and over again.

41.     Plaintiffs have met the requirements of Fed. R. Civ. P. 23(a), 23(b)(2) and

23(b)(3).

WHEREFORE, Plaintiffs, on behalf of themselves and all proposed class

members, prays for relief as follows:

a.      Declaring and certifying this action as a proper class action under Fed.

R. Civ. P. 23 for the claim that Defendants violated the KMWMHL and

naming Plaintiffs Shanna Clayton and Eileen Smith as proper class

representatives;

b.      Declaring and determining that Defendants violated the KMWMHL

by failing to properly pay overtime compensation and compensation due to

the Plaintiffs and other members of the class;

c.      Enjoining and restraining the Defendants from violating provisions of

the KMWMHL and judgment be entered herein against Defendants in the

amounts respectively due Plaintiff and other employees of Defendants

similarly situated for unpaid overtime compensation;

d.      Costs and expenses of this action incurred herein, including

reasonable attorney fees and expert fees;

e.      An award of damages for overtime compensation due for the

Plaintiffs and the putative members of the class;

f.      Pre-Judgment and Post-Judgment interest, as provided by law; and

g.      Any and all such other and further legal and equitable relief as this

Court deems necessary, just and proper.

## COUNT III

### Kansas Wage Payment Act (KWPA)

42.    Plaintiffs Shanna Clayton and Eileen Smith, on behalf of themselves and all others similarly situated, bring a claim for the Defendants' violation of the KWPA.

43.    As far as said factual allegations are applicable to the claims made herein under the KWPA, Plaintiffs hereby incorporate paragraphs 1 through 53  of this Complaint.

44.    At all relevant times, Defendants have been, and will continue to be, "employers" within the meaning of the KWPA, K.S.A. § 44-313(a).

45.    At all relevant times, Defendants have employed, and/or continue to employ, "employee[s]," within the meaning of the KWPA § 44-313(b); including the Plaintiffs and all others similarly situated.

46.    Plaintiffs, on behalf of themselves and all others similarly situated, bring a claim for Defendants' violation of the KWPA, K.S.A. § 44-313 *et seq*.

47.    At all relevant times, Defendants have had a policy and practice of failing and refusing to pay its Mobile Technicians and hourly laborers for work performed by inappropriately deducting their compensation earned in violation of the KWPA, K.S.A. § 44-314.  Defendants also had a policy and practice of failing to compensate Mobile Technicians and hourly laborers for wages due after the termination of their employment in violation of the KWPA, K.S.A. § 44-315(a) and inappropriately deducting monies from their

compensation in violation of § 44-319(a).  Defendants have violated, and continue to violate, the KWPA.

48.    Class certification for claims asserted pursuant to the KWPA is appropriate pursuant to Fed. R. Civ. P. 23(a) in that:

a.    The members of the class are so numerous that joinder of all members is impracticable.  The exact number of class members is unknown to Plaintiffs at the present time but it is estimated to be in excess of one-hundred (100);

b.    There are questions of law and fact arising in this action which are common to Plaintiffs and members of the class, including: (i) Whether Defendants' pay plan and pay policies for the employees who work as Mobile Technicians and hourly laborers violate their compensation rights under KWPA, K.S.A. § 44-313 *et seq*.; (ii) Whether Defendants' conduct violated the KWPA; (iii) Whether Plaintiffs and other members of the class have suffered damages as a result of Defendants' violation of the KWPA; and (iv) the class-wide measure of damages;

c.    The Plaintiffs' claims are typical of the claims of the members of the class.  Plaintiffs are paid under the same policy and procedure as all members of the class.  The Plaintiffs and all members of the class sustained damages in the same way, arising out of the same wrongful conduct engaged in by Defendants that was in violation of the KWPA; and

d.      Plaintiffs will fairly and adequately protect the interests of the members of the class.  Plaintiffs have retained counsel who are competent and experienced in class action and complex litigation involving compensation claims.  Plaintiffs have no interests which are adverse to or in conflict with other members of the class.

49.    This class action is brought by Plaintiffs on behalf of themselves and all others similarly situated for Defendants' failure to pay wages due under the KWPA, and is being brought pursuant to Fed. R. Civ. P. 23 (b)(2) and (b)(3) as follows:

**Injunctive Relief Class & Monetary Relief Class:**

All present or former Mobile Technicians and hourly laborers of CSTK. Inc. and Velociti, Inc., who performed the job duties of Mobile Technicians  and hourly laborers at the Defendants' location of business in Kansas City, Kansas and were paid compensation by Defendants our of their corporate office in Overland Park, Kansas under their uniform payment plan for said positions from the inception of this payment plan to the present and who had monies deducted from their compensation.

50.    Class certification of the respective class is appropriate under Fed. R. Civ. P. 23(b)(3) because a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein given that:

a.      There is minimal interest of members of this class in individually controlling  their prosecution of clams under the KWPA in that all claims will be similar in nature under the court's analysis of the Defendants' pay plan and its compliance with this law;

b.      There is no known prior litigation being prosecuted against the Defendants by this class of employees for violations of the KWPA;

c.      It is desirable to concentrate all the litigation of these claims in this form within this Court since all class members work in Kansas and all class members will have the same legal claims for violations of the KWPA; and

d.      There are no unusual difficulties likely to be encountered in the management of this case as a class action and Plaintiffs and their counsel are not aware of any reason why this case should not proceed as a class action on the claim that Defendants have violated the KWPA.  Class members can be easily identified from Defendants' business records, enabling class members to have their claims fairly adjudicated by the court or enabling them to opt-out of this class.

51.   Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendants have acted on grounds generally applicable to the respective class members covered by the KWPA.   Defendants have acted, and refused to act, on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the class as a whole.

52.   In the absences of a class action, the Defendants would be unjustly enriched because they would be able to retain the benefits and fruits of the wrongful violation of the KWPA.

53.   The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of this cause of action.   Proceeding as a

class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources.  A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate.  Moreover, class treatment is the only realistic means by which Plaintiffs can effectively litigate against a large, well-represented corporate entity such as Defendants. Numerous repetitive individual actions would also place an enormous burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to Defendants' conduct over and over again.

54.    Plaintiffs have met the requirements of Fed. R. Civ. P. 23(a), 23(b)(2) and 23(b)(3).

WHEREFORE, Plaintiffs Shanna Clayton and Eileen Smith, on behalf of themselves and all proposed class members, pray for relief as follows:

a.    Declaring and certifying this action as a proper class action under Fed. R. Civ. P. 23 for the claim that Defendants violated the KWPA and naming Plaintiffs Clayton and Smith  as proper class representatives;

b.    Declaring and determining that Defendants violated the KWPA by failing to properly pay compensation due to the Plaintiffs and other members of the class;

c.    Enjoining and restraining the Defendants from violating provisions of the KWPA and judgment be entered herein against Defendants in the amount

respectively due Plaintiffs and other employees of Defendants similarly situated for unpaid compensation;

d.      Costs and expenses of this action incurred herein, including reasonable attorney fees and expert fees;

e.      Pre-Judgment and Post-Judgment interest, as provided by law; and

f.      Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## Demand for Jury Trial

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they and all members of the proposed representative action have a right to jury trial.

## Designated Place of Trial

COMES NOW Plaintiffs by and through their counsel of record and hereby designates the place of trial as follows: Kansas City, Kansas.

Respectfully submitted,

s/ Barry R. Grissom
Barry R. Grissom    KS #10866
Grissom Law Office
10990 Quivira, Suite 200
Overland Park, KS 66210
Tel: (913) 341-6616
Fax:(913) 491-6398
bgrissom@sprintmail.com

<u>s/ Michael F. Brady</u>
Michael F. Brady    KS# 18630
Mike Hodgson     KS #21331
Heather Lake      KS # 20660
Brady & Associates
10901 Lowell Ave., Ste. 280
Overland Park, KS  66210
Tel: (913) 696-0925
Fax: (913) 696-0468
brady@mbradylaw.com
mhodgson@mbradylaw.com
hlake@mbradylaw.com
**ATTORNEYS FOR PLAINTIFFS**