## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| SHANNA CLAYTON, et al., individually and on behalf of other similarly situated persons, | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | **No. 08-2298–CM** |
| VELOCITI, INC., et al., | ) ) ) | |
| **Defendants.** | ) ) ) | |

### MEMORANDUM AND ORDER

Plaintiffs Shanna Clayton and Eileen Smith, on behalf of themselves and all others similarly situated, bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, to recover unpaid overtime compensation and related penalties and damages. Plaintiffs are or were employed as Mobile Technicians for defendant Velociti, Inc., a Kansas corporation that sells and installs, among other things, tracking units. Plaintiffs travel from site to site across the country, installing these tracking units. Plaintiffs filed this lawsuit, claiming they are entitled to, *inter alia*, unpaid overtime for hours worked over forty in a work-week under the provisions of the FLSA. Defendants deny that they owe overtime, asserting that plaintiffs were and are exempt from the overtime provisions of the FLSA.

This matter is before the court on Plaintiffs' Motion for Conditional Certification of Class Claims Under § 216(b) of the FLSA (Doc. 28). In the instant motion, plaintiffs seek conditional certification; designation of plaintiffs Shanna Clayton and Eileen Smith as class representatives and their counsel as class counsel; an order requiring defendants to provide plaintiffs with a list of

names, addresses, and phone numbers of putative class members; approval of plaintiffs' proposed

Notice of Claim and Right to Opt In (Doc. 28-2); and an order requiring defendants to email notice

to putative class members.  Defendants agree that plaintiffs' suit is appropriate for conditional class

certification, but challenge the scope and fairness of the proposed notice.  For the following reasons,

the court conditionally certifies the class.

### Conditional Class Certification

Conditional certification of a class under the FLSA requires compliance with the FLSA class

action mechanism, which states: "An action to recover the liability prescribed in either of the

preceding sentences may be maintained . . . by any one or more employees for and in behalf of

himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  Whether an

employee may maintain a § 216(b) class action, then, depends on whether he or she is "similarly

situated" to other members of the putative class.  Although § 216(b) does not define the term

"similarly situated," the Tenth Circuit has endorsed the *ad hoc* method of determination.

Under the Tenth Circuit's *ad hoc* method, "a court typically makes an initial 'notice stage'

determination of whether plaintiffs are 'similarly situated.'" *Thiessen v. Gen. Elec. Capital Corp.*,

267 F.3d 1095, 1102 (10th Cir. 2001).  This standard is a lenient one, *Williams v. Sprint/United*

*Mgmt. Co.*, 222 F.R.D. 483, 485 (D. Kan. 2004), which "'require[s] nothing more than substantial

allegations that the putative class members were together the victims of a single decision, policy, or

plan.'" *Id.*  The court typically makes the determination fairly early in the litigation, before the

parties complete discovery.  *Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 679 (D. Kan.

2004).  And in making the determination, the court does not reach the merits of the plaintiff's

claims.  *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997) (citation omitted).  After

the parties have completed discovery, the court then makes a second determination, applying a

stricter "similarly situated" standard. *Thiessen*, 267 F.3d at 1102–03 (citation omitted).

This case is in its early stages.   Although the original complaint was filed June 30, 2008, the

amended complaint was filed in early November 2008.  The court's mid-November scheduling order

set a discovery deadline of mid-March 2009.  There has been no date set for the final pretrial

conference, or for trial.  In any event, this case certainly has not progressed to the conclusion of

discovery, at which point the court would apply the "second stage" analysis standard.  Thus, the

court will analyze plaintiff's motion under the lenient "notice stage" standard described above.

The issue next before the court is whether plaintiffs have met their light burden of showing

that members of the putative class are similarly situated.  A plaintiff can demonstrate that she and

putative class members are similarly situated by showing that they were subject to a common policy.

*Brown*, 222 F.R.D. at 679; *Hoffmann*, 982 F. Supp. at 261 ("[C]ourts have held that plaintiffs can

meet this burden by making a modest factual showing sufficient to demonstrate that they and

potential plaintiffs together were victims of a common policy or plan that violated the law.").

 Plaintiff's complaint alleges that, as Mobile Technicians, they and other putative class

members are subject to the same compensation plan and policies created by defendant Velociti; that

this compensation plan did not pay plaintiffs overtime for hours worked in excess of forty hours per

week; and that plaintiffs regularly worked such hours.  For these reasons, the court concludes – and

the parties agree – that conditional certification of this action is appropriate for purposes of sending

notice to potential class members.

**Class Definition**

Plaintiffs ask the court to conditionally certify a class of  "all Mobile Technicians for

Defendant Velociti, Inc. and Central States Thermo King, Inc. ("Velociti") employed from June 30,

2005, to the present who were not paid for all straight time and/or overtime premiums for all hours worked in excess of forty in a work-week." Although defendants agree that conditional certification is appropriate, they raise two objections to this definition.

First, they argue that the plaintiffs' proposed class includes potential members who are outside the three-year statute of limitations for willful violations.[1] The court agrees – and the plaintiffs acknowledge by way of reply brief – that the class must be limited to those who were employed from a date three years prior to the date of this order to the present, rather than from the date of the filing of plaintiffs' original complaint. *See Lewis v. ASAP Land Express*, No. 07-2226-KHV, 2008 WL 2152049, at *2 (D. Kan. May 21, 2008); *Pivonka v. Board of County Comm'rs of Johnson County, Kansas*, No. 04-2598-JWL, 2005 WL 1799208, at * 1 n.1 (D. Kan. July 27, 2005)

Second, the defendants assert that plaintiffs' proposed class definition improperly addresses – and resolves – the merits of the underlying allegations by (1) assuming that the members of the class are or were entitled to overtime pay; and (2) presuming members of the proposed class were employed by both Velociti and Central States and defining both entities as "Velociti." The court disagrees. Defining the class as "all Mobile Technicians for Defendant Velociti, Inc. and Central States Thermo King, Inc. ("Velociti") employed from three years prior to the date of this order to the present who were not paid for all straight time and/or overtime premiums for all hours worked in excess of forty in a work-week" does not imply that nonpayment was unlawful– or resolve the dispute over that question. However, the court agrees that the conjunctive "and" should be replaced with "and/or" given the absence of information available at this time as to the roles or structure of

---

[1] A two-year statute of limitations generally applies to FLSA actions. 29 U.S.C. § 255(a); *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988). But if a plaintiff can establish that an employer's violation of the FLSA is willful, the limitations period extends to three years. 29 U.S.C. § 255(a); *see also Brinkman v. Dep't of Corrs.*, 21 F.3d 370, 372 (10th Cir. 1994).

the defendant corporations.[2]

The court finds, and the parties agree, that the case should be conditionally certified for the purpose of sending notice.  In the event that discovery reveals that this is not a proper case for collective action, defendants may move to decertify the class at the close of discovery.

**Proposed Notice and Consent to Potential Plaintiffs**

Under the FLSA, the court has the power and duty to ensure fair and accurate notice, but it should not alter plaintiffs' proposed notice unless such alteration is necessary.  *Lewis v. ASAP Land Express*, 2008 WL 2152049, at *2; *see also Gieseke v. First Horizon Home Loan Corp.*, No. 04-2511-CM, 2006 WL 2919076, at *1 (D. Kan. Oct. 11, 2006) (citing *Heitmann v. City of Chicago*, No. 04-C-3304, 2004 WL 1718420, at *3 (N.D. Ill. July 30, 2004)).

Defendants make nine specific objections to plaintiffs' proposed notice and consent form. (Doc. 28-2.)  By way of reply, plaintiffs agree in part to some of these objections, and the court approves of these modifications.  Plaintiffs will (a) change the employment dates of the proposed class definition to conform to the applicable statute of limitations as set out above; (b) inform putative members that they have the right to seek outside counsel; and (c) include a short statement of Velociti's defenses in Section 2, "Description of The Lawsuit," as proposed by plaintiffs in Doc. 36, at 5.  Defendants' remaining objections follow, with the court's rulings.

Defendants' Objection No. 3: The Notice should identify the representatives and their authority in conducting the litigation – overruled.  The proposed notice sufficiently identifies the class representatives, and informs putative members that they will be bound by any judgment or settlement in the action.

---

[2] Defendant Central States Thermo King, Inc., denies that it has ever employed either plaintiff or opt-in plaintiffs, and argues that its inclusion in the class definition and notice will confuse and/or mislead.

Defendants' Objection No. 4: The Notice should specify the obligations that might be imposed on them if they join the suit – overruled.  The proposed notice states that opt-in plaintiffs may be required to "assist Plaintiffs' Counsel."  Although this statement is general, the court finds that it is not inaccurate or unfair.

Defendants' Objection No. 5: The Consents should be returned to the Clerk of the Court – sustained.  Plaintiff appears to agree that this is the appropriate procedure for plaintiffs wishing to opt-in.  However, the court overrules defendants' request to substitute language regarding tolling of the statute of limitations in Section 5 "Effect of Not Joining This Lawsuit."  Similar information already appears in the Notice.

Defendant's Objection No. 6: The instruction to disregard comments by Velociti's management should be omitted – sustained.  The court finds this admonishment unnecessary and potentially unfair.

Defendants' Objection No. 7: Court Approval of Notice should not be highlighted by all capital letters – sustained.  Such highlighting is unnecessary and potentially unfair.

Defendants' Objection No. 8: Defendants should not be required to email notice to current Mobile Technicians – sustained.  The court agrees that such a requirement would be impracticable, burdensome, and may confuse or mislead potential class members.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Conditional Certification of Class Claims Under § 216(b) of the FSLA (Doc. 28) is granted as set out above.

**IT IS FURTHER ORDERED** that defendants are ordered to provide plaintiffs with the names and current or last known addresses and telephone numbers for all current and former Mobile Technicians and hourly laborers who have worked for defendant at any time since [3 years prior to the date of this order], within fourteen (14) days of the date of this Memorandum and Order.

-7-

Dated this 9th day of February, 2009, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**