IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHANNA CLAYTON and EILEEN SMITH,
on behalf of themselves and all others
similarly situated,

                Plaintiffs,

v.

VELOCITI, INC., and CENTRAL STATES
THERMO KING, INC.,

                Defendants.

Civil Action

Case No. 08-2298-CM/GLR

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' Motion for Protective Order (doc. 52). Pursuant to Fed. R. Civ. P. 26(c), the motion requests that Defendants be required to travel to the cities where out-of-state Plaintiffs reside for the purpose of the half-day depositions of Plaintiffs. In the alternative, the motion asks that the depositions be conducted telephonically. Defendant Velociti, Inc. and Defendant Central States Thermo King, Inc. (collectively, the "Defendants") oppose the motion. They argue that to require Plaintiffs to travel to Kansas or Kansas City for their depositions, in the forum they chose, is not unduly burdensome or expensive to Plaintiffs. Defendants contend that they would be unduly burdened were they required to conduct the depositions in the various cities where Plaintiffs reside. Defendants also reject the alternative proposal for telephonic depositions as prejudicial and unworkable. As set forth below, the motion is denied.

**I.     Background**

Plaintiffs Shanna Clayton and Eileen Smith, on behalf of themselves and all others similarly

situated, initiated this collective action under the Fair Labor Standards Act ("FLSA"),[1] to recover allegedly unpaid overtime compensation, related penalties, and damages. Plaintiffs are or were employed as mobile technicians for Defendant Velociti, Inc., a Kansas corporation that sells and installs, among other things, tracking units. Plaintiffs travel from site to site across the country to install these tracking units. They seek, *inter alia*, unpaid overtime for hours worked over forty in a work week under the FLSA. Defendants deny they owe overtime. They assert that Plaintiffs were and are exempt from the overtime provisions of the FLSA, pursuant to the Motor Carrier Act exemption. On February 9, 2009, the Court conditionally certified the plaintiff class under 29 U.S.C. § 216(b) (doc. 49).

Defendants served notices to depose both the named Plaintiffs, as well as six opt-in Plaintiffs (docs. 41-48). They designated the offices of defense counsel in Kansas City, Missouri, as the location for these half-day depositions. The majority of Plaintiffs live in Illinois, Indiana, and Texas. The instant motion asks for a protective order to require Defendants to conduct the depositions in the cities in which Plaintiffs reside or, alternatively, to take them by telephone.

## II.     Standard for Ruling on Motions for Protective Order

Under Federal Rule of Civil Procedure 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any parties' claim or defense . . . ."[2] This broad scope of discovery may be limited by court order under Fed. R. Civ. P. 26(c), which allows a party to seek a protective order. "The court may, for good cause, issue [a protective] order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense , including . . .

---

[1] 29 U.S.C. § 201 *et seq.*

[2] Fed. R. Civ. P. 26(b)(1).

specifying terms, including time and place, for the disclosure or discovery."[3]  Pursuant to this provision, the trial court has great discretion in establishing the time and place of a deposition.[4]

Plaintiffs, as the party seeking the protective order, have the burden to show good cause for entry of the protective order.[5] To establish good cause, Plaintiffs must provide the court with "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[6] The court has broad discretion "to decide when a protective order is appropriate and what degree of protection is required."[7] The Supreme Court has recognized that "[t]he trial court is in the best position to weigh the fairly competing needs and interests of the parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders."[8]

### III. Relief Sought by Plaintiffs

#### A. Request to Conduct Plaintiffs' Depositions Where They Reside

As a general rule, the plaintiffs must make themselves available for examination in the district in which they brought suit.[9] "Since plaintiff has selected the forum, he or she will not be

---

[3] Fed. R. Civ. P. 26(c)(1)(B).

[4] *In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987).

[5] *Reed v. Bennett,* 193 F.R.D. 689, 691 (D. Kan. 2000).

[6] *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981).

[7] *MGP Ingredients, Inc. v. Mars, Inc.*, 245 F.R.D. 497, 500 (D. Kan. 2007) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

[8] *Seattle Times*, 467 U.S. at 36.

[9] *Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL, 2006 WL 1867471, at *3 (D. Kan. (continued...)

heard to complain about having to appear there for a deposition."[10] This rule is not followed if the plaintiff can show good cause for not being required to come to the district where the action is pending.[11]

In essence, Plaintiffs argue that they should not be required to travel to Kansas City for their depositions because they will incur undue burden and expense. They contend that the half-day depositions should not be allowed to disrupt their lives by requiring two to three days of travel. To show undue burden and expense, they provide their own affidavits. These describe in varying degrees the adverse impact to Plaintiffs, if required to travel to Kansas City for their depositions. Generally they state that the cost of travel, hotel expenses, and car rental, together with lost wages, is more than they can bear. Some Plaintiffs complain of individual factors that further complicate travel. Opt-in Plaintiff Mathew Licht states that he currently earns $10 an hour, is on a probationary period with his new job, and that taking time off to come to Kansas City would jeopardize his employment.[12] Named Plaintiffs Shanna Clayton and Eileen Smith refer to their respective medical problems that make travel more burdensome.[13]

---

[9](...continued)
June, 30, 2006).

[10] *Stubbs v. McDonald's Corp.*, No. 04-2164-GTV-DJW, 2005 WL 375662, at *1 (D. Kan. Jan. 26, 2005); 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2112 at 75-76 (2d ed. 1994).

[11] Wright, Miller & Marcus § 2112 at 77.

[12] Sworn Statement of Mathew Licht, attached as Ex. F to Pl's. Mem. in Supp. of Mot. for Protective Order (doc. 53).

[13] *See* Sworn Statement of Shanna Clayton, attached as Ex. I to Pl's. Mem. in Supp. of Mot. for Protective Order; Sworn Statement of Eileen Smith, attached as Ex. J to Pl's. Mem. in Supp. of
(continued...)

4

Plaintiffs also argue that their motion should be granted as a matter of public policy, given the broad remedial purpose of the FLSA. They contend the statutory provisions allow for efficient adjudication of similar claims by similarly situated employees who would probably not pursue individual, small claims, but by virtue of FLSA can pool their resources to achieve group resolution.

Defendants acknowledge that Plaintiffs in attending their depositions will indeed incur expenses and lose time from work. They contend, however, that those obligations are no different than those placed on any party to a lawsuit. Defendants argue that these expenses are not unreasonable in light of the benefits to be gained from discovery. Defendants refer to a recent case in this jurisdiction, *Gipson v. Southwestern Bell Telephone Co.*,[14] as a controlling precedent. Both parties focus much of their arguments on the interpretation and applicability of *Gipson.*

The facts in *Gipson*, also a collective action under FLSA, were similar to those here. The Defendant had served notices for plaintiffs to appear for depositions in Kansas City, where the action was filed.[15] They sought protection instead to require Defendant to travel to El Paso, Texas, where the plaintiffs lived.[16] They provided a listing of flight and airline information. They estimated that, when added to expense for lodging and meals, the cost to each plaintiff to travel to Kansas City would be about $500.[17] The *Gipson* court held that the plaintiffs had failed to show

---

[13](...continued)
Mot. for Protective Order.

[14] No. 08-2017-KHV-DJW, 2008 WL 4499972 (D. Kan. Oct. 1, 2008).

[15] *Id.* at *1.

[16] *Id.*

[17] *Id.*

undue burden or expense that would support a protective order and override the general presumption that the plaintiff should be deposed in the district in which he brings the action.[18] The court stated that the plaintiffs had merely listed round-trip airfares and had failed to provide affidavits or specific information to substantiate their claim that travel to Kansas City would be unduly burdensome.[19] The *Gipson* court held that the determining question is whether the burden or expense is *unreasonable* in light of the benefits to be secured from the discovery, and "$400-500 in expenses is simply not enough to show unreasonable hardship, particularly in light of Plaintiffs' substantial claims for back pay, overtime, liquidated damages, and attorney's fees."[20]

Plaintiffs emphasize that *Gipson* stands for the proposition that, to support a protective order, the movant must make a particularized showing of undue burden. They argue that they have fulfilled this burden by providing sworn statements with particular descriptions of the burdens the individual plaintiffs must bear. Plaintiffs further contend it would be unreasonable to impose these burdens upon them, because the overall financial position of the parties is overwhelmingly weighted in favor of the Defendants.

Defendants argue that *Gipson* is controlling because, though supported by affidavits, the claimed individual expenses of Plaintiffs range from $240 to $1,032 and do not establish undue burden or expense. Defendants argue that the documentation itself was not the only thing lacking in *Gipson.* Although the plaintiffs there failed to provide any supporting documentation for their

---

[18] *Id.* at *6.

[19] *Id.* at *5.

[20] *Id.* (citing *Heartland Surgical Speciality Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB-DW, 2007 WL 3171768, at *4 (D. Kan. Oct. 29, 2007)).

claimed expenses, nothing in the opinion suggests the court would have reached a different conclusion, had they done so. Defendants submit that any burden of finance and time in traveling to Kansas City is outweighed by the importance of the depositions in determining the applicability of the Motor Carrier Act exemption.

Upon the motion now before it, the Court will apply the holding in *Gipson*. Depositions usually involve some burden to all participants.[21] They often involve expense for transportation, sometimes overnight lodging, and often some loss of income. Such expense and loss constitute part of the ordinary burden of litigation that each party must bear. Only in unusual circumstances would the Court shift the ordinary burden of litigation to the opposing party. Though the Court does not discount the financial cost of travel to Kansas City, the burden of such cost does not necessarily equate with an undue burden. The affected Plaintiffs either filed the action (and selected the venue) or opted into it aware of its location. In *Gipson*, the fourteen plaintiffs sought to have the defendant take their depositions in a single city, El Paso, Texas. But in this instance, Plaintiffs would require the parties to travel to at least three states outside this jurisdiction. Granting their motion, furthermore, would not totally eliminate the expenses and losses suggested by their affidavits. It would simply reduce the costs. In all events, their depositions will require them to incur some loss of time or income or both. For a protective order under Fed. R. Civ. P. 26(c)(1), however, Plaintiffs must show not merely an ordinary burden of expense and loss, but of "*undue* burden or expense."[22]

---

[21] *Mike v. Dymon, Inc.*, Civ. A. No. 95-2405-EEO, 1996 WL 439300, at *2 (D. Kan. July 29, 1996).

[22] Fed. R. Civ. P. 26(c)(1) (emphasis added).

In support of their motion Plaintiffs also point to the broad, remedial purpose of the FLSA to allow similarly situated employees to join together, pool resources and prosecute their claims as a group. An individual employee may otherwise find it uneconomical to pursue a claim too modest in amount to justify the expense of litigation. The Court fully agrees with the purpose of the FLSA in this regard. In applying it to this case, however, the Court finds nothing to indicate what amount of damages any individual plaintiff is seeking. In denying the requested protective order in *Gipson*, Magistrate Judge Waxse noted that the plaintiffs there were pursuing "substantial claims for back pay, overtime, liquidated damages, and attorney's fees" for a period of three years. In the present action Plaintiffs similarly pursue substantial claims for a period of three years for "damages in the amount of all respective unpaid straight time and overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b)," as well as attorney fees, costs and expenses of the action.[23] The Court finds nothing, however, to suggest what amount of damages any one of the plaintiffs seeks, whether it be $100 or $100,000 or some other amount. Their affidavits say nothing about the amount of any individual claim. The Court assumes Plaintiffs have included such information in their initial disclosures, as required by Fed. R. Civ. P. 26(a)(1). Without such information, however, the Court finds no basis for assuming that the claim of an individual plaintiff is so modest in amount as to support a finding of undue burden with regard to his or her deposition. With this lack of information Plaintiffs further fail to provide enough information to carry a burden to show good cause for a protective order, as required by Fed. R. Civ. P. 26(c)(1).

---

[23] Am. Compl. (doc. 16), ¶¶ 24-25.

8

The Court finds the proposed discovery relevant to the issue of applicability of the Motor Carrier Act exemption, as well as to the claims of the Plaintiffs. In summary, the Court finds this matter controlled by *Gipson* because the burden of time and expense imposed upon Plaintiffs is not unreasonable and does not outweigh the benefits of discovery.

The two named Plaintiffs have asserted medical reasons, in addition to financial costs, in support of the motion. Plaintiffs Shanna Clayton and Eileen Smith both claim impairments that restrict their ability to travel. Ms. Clayton suffers from cervical strain and lumbar strain. Ms. Smith recently underwent two knee operations. Although they both reside in Indiana, the Amended Complaint indicates they work as mobile technicians out of their place of business, located in Kansas City, Kansas.[24] Each of their affidavits states that the affiant is an employee of Defendant Velociti. Neither of them has provided any supporting letter or affidavit by a medical practitioner to support an inability to travel to Kansas City for a deposition. Nor do their affidavits themselves provide any adequate detail to support such an inability. The particularized showing submitted by Plaintiffs is insufficient. Accordingly, the Court denies the motion that Defendants be ordered to conduct depositions for the out-of-state Plaintiffs in the cities where they reside.

### B.   Request for Telephonic Depositions

Plaintiffs alternatively request they be permitted to appear for their depositions by telephone. Defendants argue that Plaintiffs fail to show the extreme hardship necessary to order their depositions by telephone. Defendants further assert that telephonic deposition is less effective than face-to-face testimony because the attorney cannot observe nonverbal responses and demeanor of the deponent and cannot effectively use and examine documents.

---

[24]*See* Am. Compl. ¶ ¶ 3-4.

Fed. R. Civ. P. 30(b)(4) provides that "[t]he parties may stipulate — or the court may on motion order — that a deposition be taken by telephone or other remote means." While Rule 30(b)(4) permits the taking of depositions by telephone, nothing in the Federal Rules of Civil Procedure requires the Court to order that depositions be taken telephonically.[25] The Manual for Complex Litigation recognizes that telephonic or videoconferencing depositions can reduce travel costs.[26] It further notes that remote depositions are most often used for relatively brief examinations that do not involve numerous documents.[27] Depositions by telephone, particularly of parties, deprive the opposing party of the opportunity to evaluate the nonverbal responses and demeanor of the witness and deny the opportunity for face-to-face confrontation. They create difficulty when the testimony requires the deponent to examine numerous, lengthy, or complex documents. Given these legitimate disadvantages of telephonic depositions, the party seeking such procedure must make a specific showing of hardship, tied to an individual's circumstances.[28]

In *Williams v. Sprint/United Management Co.*,[29] an age discrimination case, the court affirmed the order of the magistrate judge, denying a request for a general order to require all depositions of out-of-town opt-in plaintiffs to proceed by telephone, instead inviting plaintiffs to file particularized motions for protective orders, depending upon the circumstances of a given plaintiff.

---

[25] *In re The TJX Companies, Inc., Fair & Accurate Credit Transactions Act (FACTA) Litig.*, No. 07-md-1853-KHV, 2008 WL 717890, at *2 (D. Kan. Mar. 17, 2008).

[26] Manual for Complex Litigation (Fourth) § 11.452 (2004).

[27] *Id.*

[28] *Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL, 2006 WL 1867471, at *3 (D. Kan. June 30, 2006).

[29] 2006 WL 1867471.

10

The court held that "[a]bsent a specific showing of hardship tied to an individual's circumstances, a general order requiring that the depositions of out-of-town plaintiffs be taken telephonically is not warranted."[30]

The motion addresses the depositions of both named and opt-in plaintiffs. Their testimony as parties will likely be relevant to the claims and defenses in the case. Plaintiffs thus must make a specific showing of hardship, tied to individual circumstances, to justify the proposed substitute of depositions by telephone. The Court has reviewed the affidavits submitted by several Plaintiffs. It finds that none of them presents a sufficient showing of hardship to justify an order for the deposition to proceed by telephone.

## IV.     Defendants' Request for Expenses Associated with Responding to the Motion for Protective Order

Defendants request an award of expenses for responding to Plaintiffs' Motion for Protective Order pursuant to Fed. R. Civ. P. 37(a)(5)(B). By that rule the Court must, after giving an opportunity to be heard, require the party or advising attorney or both to pay the party who successfully opposed the motion reasonable fees and expenses, including attorneys' fees, unless (1) the motion was substantially justified, or (2) other circumstances render the award of expenses unjust. Defendants argue that the instant motion for a protective order, seeking to escape the basic and well-established requirement that plaintiffs appear for their depositions in the forum they have chosen, was not "substantially justified." They further contend that no other circumstances exist to make the award of expenses unjust.

---

[30]*Williams,* 2006 WL 1867471, at *3 (citing *United States v. Rock Springs Vista Dev.*, 185 F.R.D. 603, 603-04 (D. Nev. 1999); *Clem v. Allied Van Lines Int'l Corp.*, 102 F.R.D. 938, 940 (S.D.N.Y.1984)).

11

Fed. R. Civ. P. 37(a)(5)(B) permits a court to order a party filing a motion to compel to pay the reasonable expenses incurred by the party opposing the motion. Rule 26(c)(3) makes it clear that the Rule 37(a)(5) sanctions provisions apply to a motion for protective order.

In this case the Court finds that Plaintiffs' Motion for Protective Order was substantially justified, notwithstanding its denial. Applicability of the *Gipson* case was arguable. The Court declines to award Defendants their reasonable expenses incurred in opposing the motion. The parties shall bear their own expenses and fees incurred in connection with the motion.

### V.     Conclusion.

For the foregoing reasons, the Court denies Plaintiffs' Motion for Protective Order (doc. 52). It also denies the request by Defendants for an award of expenses and attorney fees. Notwithstanding its denial of the motion, the Court directs the parties and counsel to confer and cooperate to schedule the depositions of Plaintiffs to accommodate their individual circumstances, including any medical conditions, and to minimize their expenses and loss of time and income as much as is reasonably possible. This may require that some depositions be set on weekends or during common lunch hours, so as to meet travel schedules.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion a Protective Order (doc. 52) is denied, as set forth herein.

Dated in Kansas City, Kansas, this 17th day of April 2009.

s/ Gerald L. Rushfelt<br>
Gerald L. Rushfelt<br>
U.S. Magistrate Judge